NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PAUL PIERRE, *pro se* | : | |
| Plaintiff, | : | Civ. No. 05-2323 (GEB) |
| | : | |
| v. | : | |
| | : | |
| MEDICAL DIRECTOR OF | : | |
| MONMOUTH COUNTY JAIL, | : | **MEMORANDUM OPINION** |
| *et al.*, | : | |
| Defendants. | : | |

**BROWN, District Judge**

This matter comes before the Court upon the unopposed motion to dismiss, or in the alternative for summary judgment, by Defendants John Carbone and Alberto Gonzalez (improperly named Roberto Gonzalez)[1] (collectively referred to as the "federal defendants"). The Court has decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. Having considered the written submissions, and for the reasons set forth below, the Court grants the motion.

**I.    BACKGROUND**

Plaintiff is an immigration detainee. (Whitted Decl. ¶ 2). On February 14, 2005, an Immigration Judge ordered the removal of Plaintiff from the United States. On March 11, 2005,

---

[1] Plaintiff named Roberto Gonzalez, Director Homeland Security, as a defendant. As the federal defendants point out, this is in error since the Director of Homeland Security was not Roberto Gonzalez at the time Plaintiff filed his Complaint. The federal defendants' research revealed two employees in ICE's nationwide directory with the name Roberto Gonzalez. Neither employee, however, appears to have any relation to the claim set forth by Plaintiff. (Defs.' Br. at 2). The federal defendants suggest that Plaintiff may have intended to name Attorney General Alberto Gonzalez as a defendant. In light of Plaintiff's failure to properly identify this particular defendant, the Court will construe the claim as against Alberto Gonzalez.

Plaintiff filed an appeal which is currently pending before the Board of Immigration Appeals. From August 20, 2004 to June 6, 1005, Plaintiff was detained at Monmouth County Correctional Institution ("MCCI"). Thereafter, Plaintiff was transferred to Krome Service Processing Center, the DHS facility located in Miami, Florida.

Plaintiff initiated this action on May 3, 2005, while he was detained at Monmouth County Correctional Institution ("MCCI"). Plaintiff named the federal defendants, the Department of Homeland Security/Bureau of Immigration and Customs Enforcement ("DHS/BICE"), the Medical Director of the Monmouth County Jail, Warden Fasser, and MCCI (improperly named Monmouth County Jail) as defendants to this action. Plaintiff asserts jurisdiction under 42 U.S.C. § 1983 against all defendants. (Compl. ¶ 1).

Plaintiff alleges that the defendants have ignored his request to be transferred to a "medical detention facility." (Compl. ¶ 7). By way of background, Plaintiff asserts that he has special medical needs because he must consume meals through a feeding tube. (*Id.* ¶ 5b). While detained at MCCI, Plaintiff was allegedly transferred from a medical unit to a non-medical unit which he describes as unsanitary. (*Id.*). Plaintiff asserts that he should not remain in such an environment because of his condition – particularly in light of the potential risk of infection. Plaintiff alleges that he made requests to the administration of MCCI and the agents of DHS/BICE to be transferred back to a medical unit, but his requests were ignored. In his Complaint, Plaintiff seeks the following relief from the Court:

> That . . . my right to adequate care be immediately provided and that I be removed to a medical detention facility or that I be allowed to go home to my family who would be able to assist me with my medical needs and care and monetary compensation to be determined at a later date.

(Compl. ¶ 9). This summarizes the essence of Plaintiff's Complaint.

The federal defendants filed the instant motion on August 8, 2005. To date, Plaintiff has not opposed the motion. Plaintiff filed an application for pro bono counsel on August 22, 2005. Magistrate Judge Bongiovanni denied the application on October 7, 2005. The Court has jurisdiction under 28 U.S.C. § 1331.

## II.   DISCUSSION

### A.   The Federal Defendants' Motion for Summary Judgment

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996); *Healy v. New York Life Ins. Co.*, 860 F.2d 1209, 1219, n.3 (3d Cir. 1988), *cert. denied*, 490 U.S. 1098 (1989); *Hersh v. Allen Prod. Co.*, 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). In deciding whether triable issues of fact exist, the court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995); *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 231 (3d Cir. 1987).

A movant must be awarded summary judgment on all properly supported issues identified

in its motion, except those for which the nonmoving party has provided evidence to show that a question of material fact remains. *See Celotex,* 477 U.S. at 324. Put another way, once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, for example, with affidavits, which may be "supplemented . . . by depositions, answers to interrogatories, or further affidavits," *id.* at 322, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324.

The federal defendants assert a number of grounds upon which to dismiss Plaintiff's Complaint, including failure to state a claim for relief. As a preliminary matter, the Court notes that Plaintiff improperly asserts a § 1983 claim against all defendants in his Complaint, including Defendants Carbone and Gonzalez who are both federal agents. Section 1983 creates a cause of action against any person who, under color of state law, subjects "any person to the deprivation of any right protected by federal law or the United States Constitution." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001). Plaintiff's claims against the federal defendants, however, should be construed as *Bivens* claims. In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971), the Supreme Court created a cause of action for damages against a federal official who violates a citizen's constitutional right while acting under color of federal authority. *Id.* at 389; *see also Brown*, 250 F.3d at 800 (characterizing a *Bivens* action as the federal equivalent of a § 1983 cause of action against state actors). As such, the Court will construe Plaintiff's claim against the individual federal defendants as a *Bivens* claim. *See United States v. Miller,* 197 F.3d 644, 648 (3d

Cir. 1999) (noting the courts' responsibility to construe *pro se* pleadings liberally) (citing *Haines v. Kerner,* 404 U.S. 519 (1972).

Turning to the merits of Plaintiff's claim, the Court concludes that Plaintiff fails to demonstrate that he was deprived of any right protected by the United States Constitution or federal law. Although not explicitly stated, Plaintiff appears to allege a violation of his constitutional right to adequate medical care as guaranteed by the Eighth Amendment. (Compl. ¶ 9). An inmate's constitutional claim for medical mistreatment may rise to the level of cruel and unusual punishment in violation the Eighth Amendment if there is an imposition of "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citing *Helling v. McKinney*, 509 U.S. 25, 32 (1993)). The Supreme Court has noted that "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quotations and citation omitted).

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners" may give rise to a constitutional violation. 429 U.S. 97, 104 (1976). To succeed on a deliberate indifference claim, the plaintiff must satisfy a two-part test: (1) that prison officials acted with deliberate indifference to the prisoner's medical needs and (2) the medical needs were serious. *See Rouse*, 182 F.3d at 197; *see also Miller v. Hoffman*, Civ. No. 97-7987, 1999 WL 415397, at *4 (E.D. Pa. June 22, 1999) (citing *West v. Keve*, 571 F.2d 158, 161 (3d Cir. 1978)). In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Court held that an official shows deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial harm

5

exists, and he must also draw the inference." *Id*. at 837.

In the present case, Plaintiff fails to make such a showing. The record before the Court merely contains Plaintiff's unsupported allegation that his request to be transferred to a medical unit was denied. Even if, however, Plaintiff properly supported such an assertion, this alone would not give rise to a constitutional violation. Plaintiff does not allege that he was injured or that he sustained an infection while he was detained at MCCI. Instead, Plaintiff complains of potential harms that could have arisen if he remained in the non-medical unit. (*See* Compl. ¶ 5 (noting that the environment "could result in serious harm" and that the tube "could become infected")). Plaintiff's Complaint merely expresses his dissatisfaction with the conditions of his confinement. Disagreement with prison conditions, however, does not constitute an unconstitutional deprivation. *See Wilson*, 501 U.S. at 298 (noting that the Constitution "does not mandate comfortable prisons"). Moreover, it is clearly within BICE's authority to "arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." 8 U.S.C. § 1231(g). Thus, Plaintiff fails to convince the Court that the condition of his confinement at MCCI either imposed "unnecessary and wanton infliction of pain" or denied him "the minimal civilized measure of life's necessities."

Additionally, the Court notes that although Plaintiff alleges that defendants were "indifferent" to his medical needs, (Compl. ¶ 8), Plaintiff fails to demonstrate that any of the defendants acted with the degree of deliberate indifference necessary to sustain an Eighth Amendment violation. Plaintiff even admits that in response to his inquiry, the administration and the agents of DHS/BICE informed him that they are authorized to house him in any available unit. (Compl. ¶ 7). Therefore, having failed to proffer sufficient evidence, or even make factual allegations of a deprivation that

rises to the level of cruel and unusual punishment, Plaintiff's claim must fail.[2]

Assuming *arguendo* Plaintiff sufficiently set forth, and properly supported, allegations to sustain his purported Eighth Amendment claim, the Court would nonetheless dismiss the Complaint in its entirety since the issue before the Court is moot. *See Mills v. Green*, 159 U.S. 651, 653 (1895) ("The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions . . . ."). In particular, the relief sought by Plaintiff is immediate transfer to a medical detention facility. (Compl. ¶ 9). Based on the undisputed facts in the record, Plaintiff is currently housed at Krome Service Processing Center, the DHS facility located in Miami, Florida which has an on-site medical facility. (Whitted Decl. ¶ 3). Because Plaintiff is no longer retained at the facility from which he sought to be transferred, Plaintiff's request before the Court is moot.

---

[2] Having reached the conclusion that Plaintiff fails to demonstrate a violation of any constitutional right or any right protected by federal law, the Court concludes that Plaintiff's claims against the remaining defendants must likewise be dismissed. *See* 42 U.S.C. § 1983.

**III.    CONCLUSION**

For the foregoing reasons, the federal defendants' motion is granted, and Plaintiff's Complaint is dismissed in its entirety. An appropriate form of order accompanies this Memorandum Opinion.


Dated:        November 22, 2005


                                                s/ Garrett E. Brown, Jr.
                                            GARRETT E. BROWN, JR., U.S.D.J.